SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| JULIA V. VASQUEZ,<br><br>       Debtor,<br>_____<br>JULIA V. VASQUEZ,<br><br>       Plaintiff,<br><br>     v.<br><br><br>SAXON MORTGAGE, INC.; SAXON<br>MORTGAGE SERVICES INC.; DEUTSCHE<br>BANK NATIONAL TRUST COMPANY AS<br>TRUSTEE FOR SAXON ASSET<br>SECURITIES TRUST 2005-3,<br><br>      Defendants.<br>_____ | ) Arizona Supreme Court<br>) No. CV-11-0091-CQ<br>)<br>) United States<br>) Bankruptcy Court<br>) No. 4:08-bk-15510-EWH<br>)<br>)<br>)<br>) **O P I N I O N**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Certified Questions from the United States Bankruptcy Court
The Honorable Eileen W. Hollowell, Judge

**FIRST QUESTION ANSWERED; SECOND QUESTION NOT ANSWERED**
_____

SOUTHERN ARIZONA LEGAL AID, INC.         Tucson
  By Beverly B. Parker
    Anthony L. Young
Attorneys for Julia V. Vasquez

GREENBERG TRAURIG LLP           Phoenix
  By Robert A. Mandel
    Gil Rudolph
    E. Jeffrey Walsh
    Julie Barton
Attorneys for Saxon Mortgage, Inc., Saxon Mortgage
Services Inc. and Deutsche Bank National Trust Company
as Trustee for Saxon Asset Securities Trust 2005-3

```
LORI ANGUS WILSON, ESQ.                                    Tucson
     By   Lori Angus Wilson


And


VINCE RABAGO, ESQ.                                         Tucson
     By   Vincent L. Rabago
Attorneys for Amici Curiae Southwest Fair
Housing Council, The National Association of Consumer
Bankruptcy Attorneys, and The National Consumer
Law Center


GORDON SILVER                                             Phoenix
     By   Ronald E. Warnicke


And


JOHNSON, FINDSEN & KINNEY PLLC                         Scottsdale
     By   Beth K. Findsen
Attorneys for Amici Curiae Karl Stauffer,
Fabiana Stauffer, Mariusz Buchna, and Julita Buchna


KOELLER NEBEKER CARLSON & HALUCK, LLP                     Phoenix
     By   William A. Nebeker
          Valerie R. Edwards
Attorneys for Amicus Curiae Arizona
Multi-District Litigation


THOMAS C. HORNE, ARIZONA ATTORNEY GENERAL                 Phoenix
     By   Carolyn R. Matthews, Assistant Attorney General
          Dena R. Epstein, Assistant Attorney General
          Donnelly A. Dybus, Assistant Attorney General
Attorneys for Amicus Curiae State of Arizona


QUARLES & BRADY LLP                                       Phoenix
     By   C. Bradley Vynalek
          Brian A. Howie
          Michael S. Catlett
          Susan G. Boswell
Attorneys for Amici Curiae Arizona Bankers Association
and The Greater Phoenix Chamber of Commerce


MCCARTHY HOLTHUS LEVINE                                Scottsdale
     By   Paul M. Levine
Attorney for Amicus Curiae United Trustees Association
```

```
FENNEMORE CRAIG, P.C.                                      Phoenix
     By   Timothy Berg
          Carrie Pixler Ryerson
          Theresa Dwyer-Federhar

And

K&L GATES LLP                                         Charlotte, NC
     By   Phoebe S. Winder
          Amy Pritchard Williams
          Robert W. Sparkes, III
Attorneys for Amicus Curiae Mortgage
Bankers Association

GUST ROSENFELD P.L.C.                                      Phoenix
     By   Richard A. Segal
          Kent E. Cammack
          Scott A. Malm
Attorneys for Amicus Curiae Land Title
Association of Arizona
```
_____

**H U R W I T Z**, Vice Chief Justice

¶1        Pursuant to A.R.S. §§ 12-1861 to -1867 (2003) and Supreme Court Rule 27, we accepted jurisdiction of two questions certified by the United States Bankruptcy Court for the District of Arizona:

1. Is the recording of an assignment of deed of trust required prior to the filing of a notice of trustee's sale under A.R.S. § 33-808 when the assignee holds a promissory note payable to bearer?

2. Must the beneficiary of a deed of trust being foreclosed pursuant to A.R.S. § 33-807 have the right to enforce the secured obligation?

¶2        The Bankruptcy Court's certification order stated the relevant facts as follows:

In September 2005, Plaintiff [Julia V. Vasquez] refinanced her home by executing a promissory note ("Note") (Ex. A) in favor of Saxon Mortgage, Inc. ("Saxon") and a deed of trust ("DOT") (Ex. B). The DOT named Saxon as beneficiary and Ticor Title as trustee. The DOT was recorded on September 16, 2005.

On September 29, 2005, Saxon assigned the Note to Deutsche Bank National Trust Company as Trustee for Saxon Asset Securities Trust 2005-3 ("Deutsche Bank") (the "Assignment") by endorsing the Note in blank and without recourse to Saxon. The Assignment was not recorded.

The Plaintiff defaulted under the Note. On August 29, 2008, Deutsche Bank executed a substitution of trustee pursuant to A.R.S. § 33-804 removing the title company as trustee under the DOT and appointing Michael A. Bosco, Jr. of Tiffany and Bosco ("Tiffany and Bosco") as the substituting trustee (Ex. C). The substitution was recorded on September 12, 2008. On the same date, Tiffany and Bosco recorded a notice of trustee's sale naming "Deutsche Bank/2005-3" as the current beneficiary in "care of" Saxon Mortgage Services, Inc. c/o Fidelity National Foreclosure Solutions of Mendota Heights, Minnesota (Ex. D).

On October 29, 2008, an agent of Saxon executed an assignment of the DOT, assigning all its beneficial interest to Deutsche Bank (Ex. E). The assignment of the DOT was recorded on November 7, 2008 and indicated it was retroactive to August 11, 2008.

(footnote omitted). *See* A.R.S. § 12-1863(2); Ariz. R. Sup. Ct. 27(a)(3)(B) (requiring certification order to state the facts relevant to the presented questions).

## I.

## A.

¶3    The first certified question is whether "the recording of an assignment of deed of trust [is] required prior to the

4

filing of a notice of trustee's sale under A.R.S. § 33-808 when the assignee holds a promissory note payable to bearer." The answer is no; Arizona law imposes no such requirement.

**¶4** We are mindful of the human costs attendant to home foreclosures. Our task today, however, is simply to answer two purely legal questions certified to us by the Bankruptcy Court. Because the "deed of trust scheme is a creature of statutes," *In re Krohn*, 203 Ariz. 205, 208 ¶ 9, 52 P.3d 774, 777 (2002), our role is entirely one of statutory construction.[1] Put differently, we are called upon not to determine whether there ought to be a law providing relief to Vasquez, but what current Arizona statutes provide regarding the certified questions.

**¶5** Trustee's sales are governed by A.R.S. § 33-808. That statute expressly requires that a notice of trustee's sale be recorded. A.R.S. § 33-808(A)(1). The statute, however, does not require that an assignment of a deed of trust be recorded before recording the notice of trustee's sale.[2]

---

[1] Until 1971, Arizona law did not provide for deeds of trust, and loans on real property were routinely secured by mortgages. After receiving complaints that the mortgage foreclosure process was too "time-consuming and expensive," the legislature created the deed of trust, under which there is no right of redemption and foreclosure occurs outside of the judicial process through a trustee's sale. *See* Gary E. Lawyer, Note, *The Deed of Trust: Arizona's Alternative to the Real Property Mortgage*, 15 Ariz. L. Rev. 194, 194 (1973).

[2] The legislature recently considered a bill that would have required that when a trustee's sale is noticed, the current

5

¶6       The recording statutes are designed to protect interests in property against claims of subsequent purchasers or creditors without notice. *See, e.g.*, *Buerger Bros. Supply Co. v. El Rey Furniture Co.*, 45 Ariz. 1, 6, 40 P.2d 81, 83 (1935) ("[I]t is the policy of the law of this state 'that assignments of mortgages must be recorded as instruments affecting real estate in order to protect the holder of such assignment against subsequent purchasers without notice.'" (quoting *Newman v. Fidelity Sav. & Loan Ass'n*, 14 Ariz. 354, 358-59, 128 P. 53, 55 (1912))); *Eardley v. Greenberg*, 164 Ariz. 261, 265, 792 P.2d 724, 728 (1990) ("[A]ny person who receives an assignment of beneficial interest and does not record it is in jeopardy of having the assignment declared invalid as against a subsequent purchaser for value without notice.").

¶7       Consistent with this general purpose, Arizona law expressly provides that "[u]nrecorded instruments, as between the parties and their heirs . . . shall be valid and binding." A.R.S. § 33-412(B). Thus, while the failure to record an assignment of a deed of trust might leave an assignee unprotected against claims by some purchasers or creditors, it does not affect a deed's validity as to the obligor. In light

_____

beneficiary (if not the original beneficiary) concurrently record a document identifying all past and current beneficiaries. *See* S.B. 1259, 50th Leg., 1st Reg. Sess. (2011). That bill, however, was not enacted into law.

of § 33-412(B), it would be anomalous to read § 33-808 as preventing foreclosure of a valid deed of trust simply because an assignment has not been recorded.

¶8        Arizona law also expressly provides that the transfer of a contract secured by a deed of trust "shall operate as a transfer of the security for such contract."  A.R.S. § 33-817. When the note signed by Vasquez was assigned to Deutsche Bank in 2005, the deed of trust was therefore also transferred by operation of law.  Because § 33-817 does not require separate documentation of an assignment of the deed of trust when the secured note is transferred, it would make no sense to imply into § 33-808 a requirement that the assignment be recorded.

¶9        Vasquez nonetheless argues that this Court implicitly required recording of assignments of deeds of trust in *Newman*, by stating that parties have "the right to presume that public records speak the truth and to act thereon in all matters affected by instruments required by law to be recorded."  14 Ariz. at 357, 128 P. at 54.  But *Newman* imposed no recording requirement beyond those set forth in our statutes.  Rather, the Court simply announced the consequences of failing to record an instrument that is "required by law to be recorded."  *Id.*

**B.**

¶10       Vasquez asserts that even if § 33-808 does not require an assignment of a deed of trust to be recorded as a

7

prerequisite to a trustee's sale, A.R.S. § 33-411.01 imposes such a requirement. That statute states:

> Any document evidencing the sale, or other transfer of real estate or any legal or equitable interest therein, excluding leases, shall be recorded by the transferor in the county in which the property is located and within sixty days of the transfer. In lieu thereof, the transferor shall indemnify the transferee in any action in which the transferee's interest in such property is at issue, including costs, attorney's fees and punitive damages.

¶11     Vasquez argues that the first sentence of § 33-411.01 mandates recording an assignment of the beneficial interest in a deed of trust. But this argument ignores the second sentence of the statute.

¶12     Read in its entirety, § 33-411.01 does not impose a recording requirement. Nor does § 33-411.01 suggest that notice of a trustee's sale on a previously assigned deed of trust is valid only if the assignment was recorded. Rather, the statute presents a transferor of a real property interest with options and consequences — either record a document evidencing the transfer or indemnify the transferee in any action in which the transferee's interest is at issue. The statute is not designed to shield the original obligor on a deed of trust from a trustee's sale, but rather to protect transferees from subsequently arising claims.[3]

---

[3]     Vasquez's reliance on A.R.S. § 33-818 is also unavailing. That statute only provides that although recording an assignment

8

¶13      The Attorney General argues as *amicus curiae* that recording of an assignment of the beneficial interest in a deed of trust is necessary to give effect to A.R.S. § 33-807.01, which requires lenders to "explore options" with borrowers at least thirty days before recording a notice of trustee's sale. The Attorney General concedes that § 33-807.01 does not expressly require recording of assignments, but argues that unless we so interpret the statute, homeowners will not know with whom to "explore options."

¶14      The argument is not persuasive; § 33-807.01 requires the lender to contact the homeowner, not the other way around. Thus, the identity of the party who can negotiate modification of the loan will be clear to an obligor before the trustee's sale is noticed.[4]   And, because the notice of sale must identify the current beneficiary of the deed of trust, *see* A.R.S. § 33-808(C)(5), the obligor will receive additional notice before the scheduled sale of the identity of that beneficiary.

¶15      It may well be, as the Attorney General argues, that an obligor would benefit from the additional assurance, provided

_____

of the beneficial interest in a trust deed generally imparts notice of its "content to all persons," recording alone does not invalidate subsequent payments made to a previous holder of the instrument secured by the trust deed.

[4]      In any event, § 33-807.01 is not applicable to this case because the statute was not enacted until after the notice of trustee's sale was recorded.   *See* 2010 Ariz. Sess. Laws, ch. 325, § 1 (2d Reg. Sess.).

through the recording of an assignment, that the lender who is contacting the obligor to explore options under § 33-807.01 is the current beneficiary of the deed of trust. The wisdom of such an additional statutory requirement, however, is for the legislature, not the courts, to consider.[5] We decline the Attorney General's invitation to amend the statute judicially.[6]

## III.

¶16     The second certified question requires only brief discussion. We answer only questions "which may be determinative of the cause then pending in the certifying court." A.R.S. § 12-1861. The Bankruptcy Court's order states that the promissory note was assigned to Deutsche Bank well before the notice of trustee's sale was recorded. Because Deutsche Bank had the right to enforce the note when the notice of trustee's sale was recorded in 2008, the answer to the second question is not determinative of this case and we decline to answer it.

---

[5]     When urged by the Attorney General in 2011 to adopt such a requirement through S.B. 1259, the legislature declined to do so. *See supra* note 2.

[6]     The assignment of the deed of trust in this case occurred before a 2009 amendment to the federal Truth in Lending Act, which now requires that a homeowner be informed within thirty days after a note is transferred. 15 U.S.C. § 1641(g) (2009).

10

**IV.**

¶**17**     For the reasons above, we answer the first certified question in the negative and decline to answer the second.

_____
Andrew D. Hurwitz, Vice Chief Justice

CONCURRING:

_____
Rebecca White Berch, Chief Justice

_____
W. Scott Bales, Justice

_____
A. John Pelander, Justice

_____
Robert M. Brutinel, Justice